IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Uriel Romero Gonzalez, | Case No. 2:24-cv-00790-RMG |
| Plaintiff, | |
| v. | |
| Mr. Scotty Bodiford; Mr. Fieldin; Mr. Jonathan M. Gregory; Mr. A. Smith; and Ms. April Roberts, | **ORDER AND OPINION** |
| Defendants. | |

Before the Court is the report and recommendation (R&R) of the Magistrate Judge recommending Plaintiff's case be dismissed. (Dkt. No. 17). Plaintiff did not file objections to the report. For the reasons set forth below, the Court adopts the R&R as the Order of the Court and dismisses Plaintiff's action. (Dkt. No. 20).

I.    **Background**

Plaintiff Uriel Romero Gonzalez alleged that he has been held "for over 55 months without due process of law" because Defendant Officer A. Smith "did not provide [him] with a hearing 48 hours after [his] warrantless arrest on [October] 7, 2019," and Defendant Officer Fieldin entered "an ICE hold in the GCDC computer" based on an invalid immigration detainer, which has now "affected [Plaintiff's] pretrial release." (Dkt. No. 11, p. 6–8, 15; Dkt. No. 11-1, p. 4). Plaintiff alleged that he was injured but was not given adequate medical care by Defendant Nurse April Roberts. (Dkt. No. 11, p. 7, 15). Plaintiff also alleged that Defendant Warden Scotty Bodiford had allowed the mistreatment of Plaintiff despite Plaintiff's complaints. (Dkt. No. 11, p. 8). Plaintiff's amended complaint seeks a temporary restraining order (TRO) "directing the defendant to remove the ICE hold so that [Plaintiff] may be granted bail and released," and "compensatory money."

(Dkt. No. 11, p. 7). The amended Complaint alleges that Assistant Solicitor Jonathan M. Gregory is also responsible for Plaintiff's detention but does not provide further context.

## II.    Legal Standard

### A.  Review of R&R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### B.  Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . .  Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint

and the existence of any fact that can proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 1980).  However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.    Discussion

Upon review of the record and case law in this Circuit, the Magistrate Judge determined that Plaintiff failed to state a claim upon relief could be granted. (Dkt. No. 17).

Regarding the due process violation claim, Plaintiff's request for TRO is unavailable under § 1983. Plaintiff seeks to be granted bail and released, but a TRO is not the proper legal instrument here; Plaintiff must file a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (When a state detainee "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Further, "[t]he removal or alteration of a detainer is not cognizable in [a] § 1983 action," *Whitener v. Rutherford Cnty. Det. Ctr.*, 2023 WL 5673970, at *7 (W.D.N.C. Sept. 1, 2023) and therefore Plaintiff's cause of action seeking a TRO should be dismissed. *Fragoso v. Immigr. & Customs Enf't*, 2013 WL

5934553, at *2 (D.S.C. Nov. 4, 2013) ("Plaintiff seeks to have the court suspend the ICE hold or arrange for him to be released on bond, neither of which is permissible relief. . . ."); *Hernandez-Regules v. Immigr. & Customs Enf't*, 2013 WL 5964569, at *3 (D.S.C. Nov. 7, 2013) (finding that habeas corpus was the exclusive remedy where plaintiff sought relief from an ICE hold, which he alleged was causing his "continued detention" at the Greenville County Detention Center).

Plaintiff's claims for a TRO are also prohibited by the abstention doctrine, which prohibits federal courts from equitably interfering with state criminal proceedings except in the most narrow and extraordinary of circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971). The Fourth Circuit has outlined a test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Here, Plaintiff has ongoing state criminal proceedings on charges of burglary in the first degree, criminal sexual conduct in the first degree, kidnapping, possession of a weapon during a violent crime, and armed robbery.[1] The state has an interest in administering its criminal justice system free from federal interference. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Finally, Plaintiff can address his constitutional claims in his pending criminal proceeding.

Plaintiff's cause of action for money damages also fails to properly state a claim. The Fourth Circuit has noted that "an accused has no constitutional right to a preliminary hearing, provided that there is a determination of probable cause prior to an extended restraint of liberty

---

[1] See Greenville County Public Index, https://www.sccourts.org/casesearch/ (limiting search to Greenville County, Crim. Case Nos. 2019A2320603654; 2019A2320603655; 2019A2320603656; 2019A2320603657; 2019A2320603663; and 2019A2320603654) (last visited Sept. 26, 2024)

following an arrest." *See Koon v. Cnty. of Newberry, S.C.*, 2010 WL 3781798, at \*5 (D.S.C. Sept. 21, 2010) (referencing *United States v. Kabat*, 586 F.2d 325, 328 (4th Cir. 1978)). Despite Plaintiff's allegation of a warrantless arrest, he was arrested pursuant to a valid arrest warrant, he had no right to a preliminary hearing and therefore his damages claims against Defendant Smith should be dismissed.

Plaintiff's allegations against Defendant Fieldin also fail to properly state a claim. A person acting under color of state law can be held liable under § 1983 only if he or she was personally involved in the deprivation of the plaintiff's constitutional rights. *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017). Here, Plaintiff only alleges that Defendant Fieldin entered the detainer into GCDC's computer system. (Dkt. No. 11, p. 7). This ministerial action does not rise to the level of being personally involved in the deprivation of Plaintiff's constitutional rights, and Plaintiff's claims against Defendant Fieldin should be dismissed.

Plaintiff also alleged that Defendant Gregory "held [Plaintiff] detain[ed] for over 55 months without any due process of law." (Dkt. No. 11, p. 15). Not only does Plaintiff not allege any accompanying facts that could provide context to his allegation, Defendant Gregory, as a prosecutor, is entitled to immunity from personal liability under § 1983 for alleged civil rights violations committed in the course of "activities intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Plaintiff's claims against Defendant Gregory should be dismissed.

Plaintiff's claim against Defendant Roberts was the alleged inadequate medical treatment for failing to treat an ear infection and an injury from falling off the bed. (Dkt. No. 11, p. 7, 8, 15). To properly allege inadequate medical treatment, the plaintiff must show that "he had a medical condition or injury that posed a substantial risk of serious harm." *Short v. Hartman*, 87 F.4th 593,

611 (4th Cir. 2023). Plaintiff failed to properly allege a medical condition that posed a substantial risk of serious harm. *See Justice v. Greer*, 2024 WL 3747197, at *2 (W.D. Va. Aug. 9, 2024) (finding claim insufficient where amended complaint did not "describe the medical condition for which [the plaintiff] sought treatment or otherwise include any facts from which the court could reasonably infer that [the plaintiff] had a medical condition or injury that posed a substantial risk of serious harm"). Further, Plaintiff failed to allege that Defendant Roberts knew of his injuries and that her inaction posed an unjustifiably high risk of harm. *See Mcallister v. Naph Care*, 2024 WL 3429126, at *1 (M.D.N.C. July 16, 2024) (finding "conclusory" medical treatment claims insufficient where the allegations were "not very specific as to who knew what when, or as to how each person should have known of [the plaintiff's] serious health needs"). Plaintiff's claims against Defendant Roberts should be dismissed.

Plaintiff's claim against Defendant Bodiford that he "allowed his medical personnel and officers to abuse [Plaintiff], and has fail[ed] to respond to any of [his] complaints." (Dkt. No. 11, p. 15), is barred because the doctrines of vicarious liability and *respondeat superior* generally are not applicable in § 1983 actions. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (noting that "Section 1983 will not support a claim based on a *respondeat superior* theory of liability"). It is unclear from the complaint the extent to which Defendant Bodiford authorized or even knew of the conduct alleged in Plaintiff's complaint. Plaintiff's claims against Defendant Bodiford should be dismissed. *See, Graham v. Gauger*, 2016 WL 2940523, at *2 (D.S.C. Mar. 31, 2016) (finding defendant's "position as the overall supervisor" of detention center an insufficient basis on which to hold him liable "for the alleged wrongdoing of his subordinates").

Finding no clear error on the face of the record, this Court accepts the Magistrate Judge's recommendation to dismiss the case. (Dkt. No. 17).

**IV.    Conclusion**

In light of the foregoing, the Court **ADOPTS** the R&R as the Order of the Court (Dkt. No.

17),  and **DISMISSES** Plaintiff's action without further leave to amend.

**AND IT IS SO ORDERED.**


_s/ Richard M. Gergel_
Richard Mark Gergel
United States District Judge

September 30, 2024
Charleston, South Carolina